900 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norris AUSTIN, Petitioner-Appellant,
v.
Gary DIXON, Warden, Respondent-Appellee.
 No. 89-7135.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1989.
Decided: Feb. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. John D. Larkins, Jr., Senior District Judge. (C/A No. 88-239-HC)
 Norris Austin, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, for appellee.
 E.D.N.C.
 DISMISSED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Norris Austin seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit.* Austin raises a claim of ineffective assistance of counsel which he did not raise in his federal petition or in earlier state court proceedings. We will not entertain the claim because Austin has not exhausted the state remedies available to him. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Austin v. Dixon, CA-88-239-HC (E.D.N.C. Jan. 23, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 Due process was not denied when the North Carolina Supreme Court ruled that Austin's consent to the search of his residence was voluntary. That court could properly make that factual determination. See Sumner v. Mata, 449 U.S. 539, 546 (1981). To the extent that Austin seeks federal review of the validity of the search, his claim is misplaced because federal habeas corpus relief is not available for a prisoner who has already had the opportunity for full and fair litigation of a Fourth Amendment issue in state court. Stone v. Powell, 428 U.S. 465 (1976)